# BRIGGS v. HESS et ux.

No. 7818.   Decided January 20, 1953.   (252 P. 2d 538.)

See 21 C. J. S., Covenants, sec. 132. Obligation of covenantor to defend covenants against claims of third persons. 14 Am. Jur., Covenants, Conditions and Restrictions, sec. 69; 105 A. L. R. 729.

*George M. Mason,* Brigham City, for appellants.

*Walter G. Mann,* Brigham City, for respondent.

**HENRIOD, Justice.**

Appeal from a judgment for breach of covenant in a warranty deed. Affirmed, with costs on appeal to respondent.

One Tree was record owner of realty which was sold for taxes to Hess by Box Elder County, Tree sued Hess to quiet title, but filed no lis pendens. Pending suit, Hess conveyed by warranty to Briggs. The record does not reveal whether Briggs was aware of the pending litigation or not. Thereafter title was quieted in Tree, and Briggs, after unsuccessfully demanding that Hess clear the title, paid Tree $484.66 for a quitclaim deed, for which amount he now sues Hess for breach of warrant. No claim was made that the sum paid was unreasonable.[1] Hess denied generally, set up no special defense and now, for the first time, on appeal, claims that because Tree filed no lis pendens, Briggs was not bound by the decree in *Tree* v. *Hess*, was a bona fide purchaser, is entitled to litigate his title as against Tree and hence cannot sue Hess for breach of warranty. In other words, Hess, without even setting it out in his pleading, attempts to take advantage of a defense not reserved to him who guarantees title, but to some one else under entirely different circumstances.

This, we conclude, Hess cannot do. His defense to this action would be his own performance in carrying out *his* covenant of title to Briggs. Even were he permitted to assert the defense he seeks it would have to be pleaded and proved. Nowhere was this done. For aught the record discloses, Briggs well may have been apprised of the suit between Tree and Hess, in which event the matter of a lis pendens would be immaterial, since actual notice would be tantamount to the constructive notice of filing a lis pendens.

[1]61 A. L. R. 10 at 60.

As to the contention of Hess that Briggs was a volunteer in paying Tree for a quitclaim, and cannot recover such amount for that reason, we point out that Briggs demanded of Hess that the latter clear the title, and ■ Hess refused, forcing Briggs to clear it himself by purchase. Briggs, therefore, was not a volunteer in the true sense in which that word is employed in defendants' authorities.

The answer to any contention that the court lost jurisdiction in the suit between Tree and Hess when the latter conveyed during the pendency of the action, well might be found in Rule 25 (c), Utah Rules of Civil Procedure, designed to continue the litigation with the same litigants to a determinative conclusion. Were it otherwise, litigation might arrve at stalemate by the simple device of a conveyance pendente lite, resulting in a series of endless suits.

McDONOUGH, CROCKETT, and WADE, JJ., concur.

WOLFE, Chief Justice (concurring in the results).

I concur in the results. I am not sure that I see what office a notice of litigation pending would play as against the giver of a warranty deed. Here Hess warranted his title to his purchaser and grantee, Briggs. I do not suppose a purchaser would be a bona fide purchaser for value if he knew when he received the warranty deed that the warrantor actually did not have title and thus intentionally bought himself a lawsuit. As to that, I express no opinion, but short of that it would seem the grantee in the warranty deed could sue for a breach of the warranty even though there was pending at the time of the giving of a warranty a suit which might result in the grantor being liable on his warranty because such suit to quiet title eventually resulted in the grantor being decreed not to have title. Because one buys from another whose title may be in doubt is perhaps the very reason he demands a warranty deed. It is not a defense that when the grantee purchaser bought there was

a suit pending of which the purchasers knew, which might result in showing the grantor-warrantor not the owner. It would seem to me, therefore, that the result reached is correct.