372 P.2d 990

Harry G. HEATHMAN, Plaintiff and Appellant,

v.

Sumner J. HATCH, Defendant and Respondent.

No. 9593.

Supreme Court of Utah.

June 26, 1962.

5. See footnote 1 above.

Harry G. Heathman, Salt Lake City, for appellant.

Fabian & Clendenin, Shirley P. Jones, Jr., Salt Lake City, for respondent.

CROCKETT, Justice.

Plaintiff Harry G. Heathman, a layman, sues the defendant Sumner J. Hatch, an attorney, for alleged wrongs arising out of the defendant's representing the plaintiff as counsel in criminal proceedings in which the plaintiff had been charged first with grand larceny and later with grand larceny and embezzlement, which charges have been dismissed.

In this action plaintiff alleges that the dismissal of the criminal charges was obtained by his own efforts, and complains of the conduct of the defendant as his counsel upon various grounds which we refer to below. He has filed a number of complaints herein, each of which aborted in the face of a challenge to its sufficiency. Upon the entry of an order dismissing what is designated as plaintiff's second amended complaint, plaintiff declined to re-plead and brought this appeal.

■■ The defendant's motion to dismiss having been granted, we are obliged to assume that the averments of plaintiff's complaint are true.[1] From the various allegations contained in its 33 legal size typewritten pages, it appears that the nature of the grievances which the plaintiff complains about is that the defendant was guilty of "fraud," "conspiracy" and "negligence": (1) in representing the plaintiff in connection with the criminal charges; (2) in failing to enforce his "possessory lien" against the automobile and parts which he was accused of stealing; and (3) in failing to sue the complaining witness, Ivan Bland, and others, for filing and prosecuting the criminal charge. It is to be noted that the

1. See Morris v. Farnsworth Motel, 123 Utah 289, 259 P.2d 297.

terms "fraud," "conspiracy" and "negligence" are but general accusations in the nature of conclusions of the pleader. They will not stand up against a motion to dismiss on that ground. The basic facts must be set forth with sufficient particularity to show what facts are claimed to constitute such charges.

■ It is not to be gainsaid that plaintiff as a layman has the right to act as his own attorney and to pursue his own rights in this action;[2] nor, that because of his lack of technical knowledge of law and procedure he should be accorded every consideration that may reasonably be indulged. Nevertheless, it appears from the record that at hearings on motions attacking his complaints, the judges of our district court patiently and at some length explained to him the necessity of observing the following of our Utah Rules of Civil Procedure:

"8(a) Claims for Relief. A pleading which sets forth a claim for relief * * * shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief; and (2) a demand for judgment for the relief to which he deems himself entitled. * * *"

And,

"9 * * * (b) Fraud, Mistake, Condition of the Mind. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

■ Without burdening this opinion with the details of plaintiff's much too long and involved complaint, it is sufficient to say that its shortcomings are such that it was well within the discretion of the trial court to conclude that it failed to comply with the rules just stated, and, accordingly, to grant the motion to dismiss. The objective of these rules is to require that the essential facts upon which redress is sought be set forth with simplicity, brevity, clarity and certainty so that it can be determined whether there exists a legal basis for the relief claimed; and, if so, so that there will be a clearly defined foundation upon which further proceedings by way of responsive pleadings and/or trial can go forward in an orderly manner. The dismissal without prejudice affords the plaintiff further opportunity to attempt to state his claims in accordance with the requirements of the rules so these purposes may be accomplished.

Affirmed. Costs to defendant (respondent).

WADE, C. J., and HENRIOD, McDONOUGH, and CALLISTER, JJ., concur.

2. See Sec. 78–51–25, U.C.A.1953.