396 P.2d 748

**Emily Youngberg PETERSEN and John Gary Petersen, Plaintiffs and Appellants,**

v.

**Philip E. JONES, Defendant and Respondent.**

**No. 10156.**

Supreme Court of Utah.

Nov. 20, 1964.

Thomas, Armstrong, Rawlings & West, Salt Lake City, for appellants.

Woodrow D. White and Dwight L. King, Salt Lake City, for respondent.

CROCKETT, Justice.

Plaintiffs, Emily Youngberg Petersen and John Gary Petersen, sue Philip E. Jones, alleging that he wrongfully shot and killed John William Petersen, leaving the plaintiffs as the surviving widow and only child, and therefore his sole heirs. The trial court granted the defendant's motion to dismiss the complaint, which motion was based upon the ground that there had been no determination of heirship. Plaintiffs appeal.

The statute under which the plaintiffs brought this action, Sec. 78–11–7, U.C.A. 1953, provides:

"* * * when the death of a person not a minor is caused by the wrongful act or neglect of another, *his heirs, or his personal representatives* for the benefit of his heirs, *may maintain an action* for damages against the person causing the death, or, if such person is employed by another person who is responsible for his conduct, then also against such other person." Emphasis added.

Defendant argues that inasmuch as plaintiffs' right to sue depends on the above statute, there must be a determination of who are the "heirs" of John William Petersen (a proceeding authorized by Sec. 75–12–33, U.C.A.1953) before they may maintain the action. We find no merit in this contention.

The motion to dismiss challenges only the sufficiency of the complaint, and as against such a motion its allegations must be taken as true.[1] In regard to the

point in dispute, the complaint satisfied the requirement of the statute with unmistakable certainty by the allegation that the plaintiffs are the only surviving heirs of John William Petersen. If the defendant actually had any honest doubts about whether they are such, he could deny that allegation, put the plaintiffs on their proof and have the issue determined.

The order of dismissal is vacated and the cause remanded for further proceedings. Costs to plaintiffs (appellants).

HENRIOD, C. J., and McDONOUGH, CALLISTER and WADE, JJ., concur.

---

1.  See Heathman v. Hatch, 13 Utah 2d 266, 372 P.2d 990.