2000 UT 45

**John C. SITTNER, Plaintiff and Petitioner,**

v.

**Karen H. SCHRIEVER, Trustee of the Karen H. Schriever Family Trust; Bruce Gildea; Shirlynn Gildea; and Joy Hale, Defendants and Respondents.**

No. 981776.

Supreme Court of Utah.

May 19, 2000.

L. Benson Mabey, Salt Lake City, for Sittner.

William D. Marsh, Salt Lake City, for Schriever.

Grant W.P. Morrison, Salt Lake City, for the Gildeas.

Randall E. Grant, Salt Lake City, for Hale.

RUSSON, Associate Chief Justice:

¶ 1 Plaintiff John Sittner seeks review of the court of appeals' denial of his petition for rehearing of a decision that dismissed Sittner's appeal as untimely.

## BACKGROUND

¶ 2 This case arises from a judgment that John Sittner obtained against Bruce Gildea in November 1985 and a judgment lien Sittner thereafter filed upon Gildea's real property. In January 1986, Gildea filed a bankruptcy petition, which suspended the execution sale of his property. After the bankruptcy proceedings concluded, Gildea remained in possession of the property.

¶ 3 Sittner then filed a declaratory judgment action in the district court against Gildea and others (collectively, "defendants") who allegedly possessed an interest in the subject property. Sittner sought a declaration that his judgment lien was still attached to the property and that he was entitled to complete the execution sale. Defendants argued that Sittner's lien did not survive Gildea's discharge in bankruptcy. Sittner and defendants filed motions for summary judgment, which resulted in a series of judgments not pertinent to this appeal.

¶ 4 On March 25, 1997, the trial court granted summary judgment in favor of defendants. Concluding that Sittner's judgment lien did not survive the bankruptcy, the court dismissed Sittner's complaint and ordered Sittner to pay defendants' costs and reasonable attorney fees. The court expressly reserved the amount of attorney fees for later determination.

¶ 5 At a fee hearing on June 11, 1997, the parties submitted to the trial court that they intended to stipulate to the *amount* of attorney fees. Sittner would not stipulate, however, to defendants' *entitlement* to attorney fees. The trial court requested that defendant Karen Schriever's counsel, William M. Marsh, prepare an appropriate stipulation along with a judgment to supplement the original March 25 judgment, incorporating the stipulated amount of attorney fees to be awarded to defendants. Marsh prepared the stipulation and presented it to Sittner's counsel, Lynn Benson Mabey, for review. Mabey made and initialed handwritten changes to the stipulation and signed the appended signature page.

¶ 6 Thereafter, Marsh created a revised typewritten copy of the stipulation that incorporated some, but not all, of Mabey's handwritten changes and included additional material that was not present in the original stipulation. Marsh then appended to the second stipulation the signature page from the original stipulation that Mabey had signed and filed it with the court along with a corresponding supplemental judgment specifying the amount of attorney fees to be awarded. Marsh did not provide a copy of this second stipulation to Mabey. The trial court signed the supplemental judgment specifying the fee award on June 27, 1997.

¶ 7 On July 25, 1997, Sittner moved, pursuant to rule 60(b) of the Utah Rules of Civil Procedure,[1] to vacate the stipulation and the

---

1. This rule states in pertinent part:

    Rule 60. Relief from judgment or order.
    . . . .
    (b). . . . On motion and upon such terms as are just, the court may in the furtherance of justice relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party. . . .
    Utah R. Civ. P. 60(b).

June 27 supplemental judgment that proceeded from it. Sittner alleged as the basis for his rule 60(b) motion that Marsh had fraudulently altered the stipulation. On the same basis, Sittner also moved for sanctions against Marsh pursuant to rule 11 of the Utah Rules of Civil Procedure.

¶ 8 While Sittner's rule 60(b) motion was pending, Sittner requested from the trial court two fifteen-day extensions of the time for filing a notice of appeal from the June 27 supplemental judgment.[2] The court granted both requests, on July 28 and August 11, respectively, and extended the time for filing an appeal to August 26, 1997. Sittner did not file a notice of appeal before the August 26 deadline.

¶ 9 On August 25, 1997, the day before the time for filing an appeal was to expire, the court held an informal hearing with Mabey and Marsh in the form of a telephone conference. Marsh conceded that the original stipulation with Mabey's handwritten revisions was the stipulation to which the parties had agreed. The court stated that, prior to making a decision on the rule 60(b) motion, it would be necessary to compare the original stipulation including the handwritten revisions with the second stipulation filed by Marsh. The court directed Mabey to submit a redlined copy of the stipulation highlighting the differences between the two stipulations. The court concluded in the course of the hearing that it would be appropriate to vacate the June 27 supplemental judgment pending further consideration of Sittner's rule 60(b) motion, and requested that Mabey prepare an appropriate order. On September 29, 1997, this order was entered, vacating the June 27 supplemental judgment, which fixed the amount of attorney fees, but leaving intact the March 25 judgment dismissing Sittner's complaint and awarding attorney fees.

¶ 10 On October 21, 1997, after considering Sittner's rule 60(b) motion, his motion for rule 11 sanctions, and his submission of the changes made to the stipulation, the court entered an order (1) denying the motion to set aside the stipulation, provided that the stipulation be corrected to conform with the language to which the parties originally agreed, and (2) denying the motion for rule 11 sanctions.[3] In addition, the court issued a new supplemental judgment awarding attorney fees. This October 21 supplemental judgment, based on the corrected stipulation, fixed the amount of attorney fees to be awarded to defendants.

¶ 11 Finally, on November 14, 1997, Sittner filed a notice of appeal in which he stated that his appeal was from "the entire judgment, including the Summary Judgment entered March 25, 1997." Sittner's appeal was transferred to the court of appeals, which filed a memorandum decision dismissing Sittner's appeal as untimely. The court of appeals based its dismissal upon *Taylor v. Hansen*, 958 P.2d 923 (Utah Ct.App.1998), which held that an order is final "even though the issue of the amount of fees to be awarded [is] still pending before the trial court as of the date the notice of appeal was filed." *Id.* at 928. The court of appeals reasoned that under *Taylor*, Sittner was precluded from appealing the March 25 judgment because he did not file a separate notice of appeal within thirty days of that judgment. Additionally, the court of appeals concluded that Sittner was not entitled to appeal the June 27 supplemental judgment because his rule 60(b) motion did not toll the time for filing an appeal from that judgment. After the court of appeals dismissed, Sittner filed a petition for rehearing which the court of appeals denied.

¶ 12 Before this court on certiorari, Sittner seeks reversal of the court of appeals' ruling. He argues that (1) this court should expressly overrule *Taylor*, (2) the notice of appeal was properly filed from the October 21 supplemental judgment; (3) this court can now

---

**2.** Utah Rule of Appellate Procedure 4(e) permits the trial court, upon a showing of excusable neglect or good cause, to extend the time for filing a notice of appeal up to an additional thirty days.

**3.** In this order, the trial court also "affirmed" the September 29 order vacating the June 27 supplemental judgment, apparently upon the belief that it was necessary to do so because the September 29 order was entered "pending further review" of Sittner's rule 60(b) motion.

reach the merits of this case; and (4) sanctions should be imposed against Marsh and damages awarded to Sittner.

¶ 13 Defendants contend that (1) under *Taylor*, Sittner failed to timely appeal from the March 25 judgment; (2) even disregarding *Taylor*, Sittner's appeal was untimely because he failed to file a separate notice of appeal from the June 27 supplemental judgment; (3) Sittner failed to preserve below the issues he raises on appeal; (4) defendants are entitled to damages because Sittner's appeal is frivolous; and (5) sanctions should be imposed against Mabey for making false representations.

## STANDARD OF REVIEW

▇▇▇ ¶ 14 " 'On certiorari, we review the decision of the court of appeals, not the decision of the trial court.'" *Bear River Mut. Ins. Co. v. Wall*, 1999 UT 33, ¶ 4, 978 P.2d 460 (quoting *State v. Harmon*, 910 P.2d 1196, 1199 (Utah 1995)). We review the court of appeals' legal conclusions for correctness and grant them no deference. *See Reese v. Reese*, 1999 UT 75, ¶ 10, 984 P.2d 987.

## ANALYSIS

### I. PRESERVATION OF THE ISSUES

▇▇▇ ¶ 15 Before we examine the court of appeals' decision, we must resolve whether Sittner failed to preserve below the issues he now raises on appeal. Defendants contend that to preserve the right to appeal from the March 25 judgment or the June 27 supplemental judgment, it was necessary for Sittner to file post-judgment motions with the trial court specifically objecting to those judgments. We disagree.

▇▇▇ ¶ 16 Defendants correctly state the general rule that failure to raise an argument before the trial court precludes a party from raising that argument on appeal. *See Malibu Inv. Co. v. Sparks*, 2000 UT 30, ¶ 34, 996 P.2d 1043. However, this rule does not require a party to file a post-judgment motion before the trial court as a prerequisite to filing an appeal. *See, e.g., Dugan v. Jones*, 724 P.2d 955, 956 (Utah 1986) (per curiam) (" 'It is settled that … a rule 59 motion is [not] a condition precedent to appeal from final judgment.'" (quoting *Nature Conservancy v. Nakila*, 4 Haw.App. 584, 671 P.2d 1025, 1035 (Ct.App.1983))).

¶ 17 The primary issue in the instant case is whether Sittner's notice of appeal was timely filed. It would be absurd to require Sittner to raise such an issue of appellate procedure before the trial court, which would have lacked authority and jurisdiction to decide the issue. Moreover, the merits of Sittner's appeal, which we do not address today, can be summarized as two issues: (1) whether the trial court properly granted summary judgment in favor of defendants, and (2) whether defendants are entitled to attorney fees. Sittner's arguments on these two issues are fully briefed in his own summary judgment memorandum, his memoranda in opposition to defendants' motions for summary judgment, and other pleadings filed below. He therefore preserved below the issues he now raises on appeal.

### II. TIMELINESS OF THE NOTICE OF APPEAL

¶ 18 We now turn to the primary issue in the instant case: whether Sittner's notice of appeal was timely filed. Specifically, we must determine whether Sittner is entitled to appeal the March 25 judgment when he did not file his notice of appeal until after the October 21 supplemental judgment was entered.

▇▇▇ ¶ 19 We first examine whether it was necessary for Sittner to file a notice of appeal within thirty days of the March 25 judgment. The court of appeals held that it was necessary and dismissed Sittner's appeal on this ground. The court of appeals cited *Taylor v. Hansen*, 958 P.2d 923, 927–28 (Utah Ct.App. 1998), which held that the time for filing an appeal begins to run from the entry of judgment even if the amount of attorney fees to be awarded has not been decided. The court of appeals' reliance upon *Taylor* is nullified by our recent decision in *ProMax Development Corp. v. Raile*, 2000 UT 4, 998 P.2d 254. We held in *ProMax* that "in the interest of judicial economy, a trial court must deter-

mine the amount of attorney fees awardable to a party before the judgment becomes final for the purposes of an appeal." *Id.* at ¶ 15. We thus overrule *Taylor* and hold that under *ProMax,* Sittner's appeal is not precluded by his failure to file a notice of appeal within thirty days of the March 25 judgment because that judgment—which failed to fix the amount of attorney fees to be awarded—was not final for purposes of appeal.

¶ 20 We next must determine whether it was necessary for Sittner to file a notice of appeal from the June 27 supplemental judgment. The trial court extended the deadline for filing a notice of appeal from the June 27 supplemental judgment to August 26, 1997. Sittner did not file a notice of appeal before that deadline, but instead filed a motion pursuant to rule 60(b) of the Utah Rules of Civil Procedure. The court of appeals held that Sittner's rule 60(b) motion "did not toll the appeal period" and that, even if *Taylor* did not apply, the period for appealing the March 25 judgment or the June 27 supplemental judgment expired on August 26. We disagree.

¶ 21 The court of appeals correctly observed that a motion filed pursuant to Utah Rule of Civil Procedure 60(b) "does not extend or toll the thirty-day period in which appeals in the original action must be filed." *Fackrell v. Fackrell,* 740 P.2d 1318, 1319 (Utah 1987); *see also Lord v. Lord,* 709 P.2d 338, 338 n. 1 (Utah 1985) (per curiam) ("Rule 60(b) motions do not toll the time for appeal."); Utah R. Civ. P. 60(b) ("A motion under this Subdivision (b) does not affect the finality of a judgment or suspend its operation."). Indeed, it has been noted:

> An application for relief from a judgment under Rule 60(b) ... does not extend the time for taking an appeal. Even if the court hears and denies the motion before the appeal time would have run, the appeal must be taken with the prior period measured from the date of the judgment, not from denial of the motion.

11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2871, at 421 (2d ed.1995).

¶ 22 However, the period in which to appeal a final judgment is measured differently when the trial court *grants* the rule 60(b) motion. Specifically, "[i]f ... the court grants the [rule 60(b) ] motion and enters a new judgment, the time for appeal will date from the entry of that judgment." *Id.* at 421–22. Indeed, a final, appealable order results "when the court not only relieves a party of judgment, but enters a corrected judgment so that there is nothing further to be decided by the district court." 12 *Moore's Federal Practice* § 60.68[2] (3d ed.1997).

¶ 23 In the instant case, the trial court informed the parties at the August 25 hearing that the court was vacating the June 27 supplemental judgment. Indeed, that judgment was vacated within the appeal period, leaving no final disposition of the amount of attorney fees, and under *ProMax,* no final judgment from which to appeal. Sittner's only course of action was to wait until the trial court entered a new supplemental judgment that conclusively determined the amount of attorney fees. When the trial court entered the October 21 supplemental judgment, the amount of attorney fees was finally decided and the time for filing an appeal began to run. Thus, Sittner's notice of appeal, filed within thirty days of the October 21 supplemental judgment, was timely. On appeal, Sittner is entitled to seek review of the merits of both the March 25 judgment dismissing his complaint and awarding attorney fees and the October 21 supplemental judgment fixing the amount of attorney fees, which together constituted a final appealable judgment.

### III. SANCTIONS AND DAMAGES

¶ 24 Both Sittner and defendants have requested sanctions and damages. Sittner requested before the trial court that sanctions be imposed against Marsh for filing the revised stipulation without Mabey's consent and without giving Mabey a copy. Defendants now argue that Mabey should be sanctioned for making allegedly false representations in his appellate brief, and seek damages for an allegedly frivolous appeal. In turn, Sittner argues that defendants' claim of a frivolous appeal is itself frivolous and re-

quests attorney fees and costs incurred in responding thereto.

¶ 25 Because we review only the court of appeals' decision on certiorari, we do not address whether it was proper for the trial court to deny Sittner's request for sanctions against Marsh for filing the altered stipulation. Moreover, we deny Sittner's and defendants' additional requests for sanctions, damages, attorney fees, and costs, to the extent their requests derive from Sittner's writ of certiorari before this court.

## CONCLUSION

¶ 26 We reverse the decision of the court of appeals which dismissed this appeal as untimely, and remand to the court of appeals for review of the merits of Sittner's appeal and other appropriate action.

¶ 27 Chief Justice HOWE, Justice DURHAM, Justice DURRANT, and Justice WILKINS concur in Associate Chief Justice RUSSON's opinion.