2003 UT 11

**Holli LUNDAHL, Petitioner,**

v.

**The Honorable Anthony QUINN, Respondent.**

**N.A.R. INC., Mark T. Olson, Olson & Associates, P.C., Anthony Tidwell, D.D.S., and Olympus View Dental Center, Respondents and Real Parties in Interest.**

No. 20030062.

Supreme Court of Utah.

April 1, 2003.

Rehearing Denied April 1, 2003.

Holli Lundahl, petitioner pro se.

Brent M. Johnson, Salt Lake City, for Judge Quinn.

Ronald F. Price, Salt Lake City, for N.A.R., Mark Olson, Olson & Associates, Anthony Tidwell, Olympus View Dental Center.

1. Because this matter was originally brought as a counterclaim by Holli Lundahl's sister, Kelli Lundahl, we generally will refer to them by their first names to avoid confusion.

PER CURIAM:

¶ 1 This matter comes before the court on petition for extraordinary writ. The petitioner, Holli Lundahl, asserts she has filed a motion to intervene and an amended counterclaim complaint on which the district court refused to rule because it deemed her a nonparty to the action. Judge Anthony Quinn filed a response, as did N.A.R. Inc., Mark T. Olson, Olson & Associates, P.C., Anthony Tidwell, D.D.S., and Olympus View Dental Center as real parties in interest. We deny the petition and further hold that it is frivolous.

¶ 2 As background to this court's order on this petition, a brief recitation of the history of petitioner's many appearances before this court is appropriate. Since 1999, Holli Lundahl[1] has submitted no fewer than twenty-seven filings, consisting of nineteen appeals, four petitions for extraordinary writ (including the instant petition), two petitions for writ of certiorari, and two petitions for interlocutory appeal. Of these, five appeals are presently pending before either this court or the court of appeals,[2] two decisions on appeal were summarily affirmed, one decision on appeal has been affirmed per curiam, four appeals were dismissed for lack of jurisdiction (including Holli's attempt to appeal a criminal case where the lower court had dismissed the charges against her), two appeals were dismissed as premature, one appeal was dismissed for an improper rule 54(b) certification, and one appeal was voluntarily dismissed. Three petitions for extraordinary writ, two petitions for writ of certiorari, and two petitions for interlocutory appeal have been denied.

¶ 3 In *Nelson v. Jacobsen,* 669 P.2d 1207, 1213 (Utah 1983), this court held that "as a general rule, a party who represents himself will be held to the same standard of knowledge and practice as any qualified member of the bar." Nevertheless, *Nelson* also noted that " 'because of his lack of technical knowledge of law and procedure [a layman acting as his own attorney] should be accorded ev-

2. Four of the nineteen appeals noted above were consolidated into a single action, leaving sixteen separate appeals for disposition.

ery consideration that may reasonably be indulged.' " *Id.* (bracketed language in original) (quoting *Heathman v. Hatch,* 13 Utah 2d 266, 268, 372 P.2d 990, 991 (1962)).

¶ 4 Accordingly, this court generally is lenient with pro se litigants. Individuals have a right to represent themselves without being compelled to seek professional assistance. Where they are largely strangers to the legal system, courts are understandably loath to sanction them for a procedural misstep here or there. Holli, however, is hardly a stranger to the legal system. Where most ordinary individuals find themselves in court on only a handful of occasions in their lives, Holli has managed to embroil herself in more litigation in just a few short years than one would think humanly possible. When an individual avails herself of the judicial machinery as a matter of routine, special leniency on the basis of pro se status is manifestly inappropriate.

¶ 5 This is particularly true where the filings in question are routinely frivolous and have been brought with the apparent purpose, or at least effect, of harassment, not only of opposing parties, but of the judicial machinery itself. When Holli is unsuccessful in obtaining the relief she seeks, she has not infrequently resorted to collateral attack on the judges who have adjudicated her cases. Indeed, a significant number of the direct appeals Holli has filed have been brought from district court denials of petitions for extraordinary relief naming judges as defendants. Therefore, notwithstanding the dictum in *Nelson* cautioning courts to be lenient with pro se litigants, we now make clear that the reasonable indulgence that has been afforded to Holli in the past is at an end. Where Holli has chosen to make legal self-representation a full-time hobby, if not a career, it is not too much to expect her to strictly abide by the rules governing the appearances of parties before this court. Therefore, she shall be charged with full knowledge and understanding of all relevant statutes, rules, and case law.

¶ 6 We also note Holli has occasionally employed the right to self-representation in a questionable manner. In this petition, as well as in at least three other recent appellate filings, Holli has purportedly acquired another person's cause of action by assignment and then has professed to represent that cause of action in her own right.[3] The Utah State Bar Rules of Integration and Management do not "prohibit a person who is unlicensed as an attorney at law . . . from personally representing that person's own interests in a cause to which the person is a party." Utah State Bar R. Integration and Management R. III(T). However, this exception to the prohibition on the unauthorized practice of law is limited to actions where "the person is a party in his or her own right and *not as an assignee.*"[4] *Id.* (emphasis added). In this petition, Holli concedes the original cause of action belonged solely to Kelli Lundahl. On pages five and six of her petition, Holli asserts Kelli's counsel abandoned her on the morning of a hearing to determine a motion for summary judgment. Holli then states that "Kelli was unable to obtain other counsel willing to sue an attorney. Accordingly, Kelli *assigned* her property damage claims to Holli Lundahl." (Emphasis added.) In other words, the expressed purpose of the assignment was to allow Holli to prosecute the action because Kelli could not obtain a licensed attorney.

¶ 7 We offer no ruling at this time regarding whether Holli has violated the pro-

---

3. *Lundahl v. Alta View Hospital,* No. 20020749; *Lundahl v. Qwest Communications,* No. 20020748; *Lundahl v. IHC,* No. 20010336. The response to the instant petition also contains some very troubling allegations that Holli has appeared at hearings and misrepresented herself as Kelli acting pro se. Respondents have attached an affidavit stating a person other than Kelli has appeared at hearings and represented herself as Kelli. We note that this affidavit does not explicitly identify Holli Lundahl as the person appearing; we also note some of the allega-

tions are not supported by affidavit and are hearsay. We therefore make clear that they do not affect our decision today.

4. Subsection 78–9–101(3) of the Utah Code contains substantially the same provision. Initially scheduled to be repealed on May 1, 2003, the repeal date has been extended to May 3, 2004. *See* H.B. 349 S1, 2003 Gen. Sess. (Utah) (enacted).

scription on the unauthorized practice of law. Nonetheless, it remains pertinent to our purposes here that she actually cited section 78-9-101 of the Utah Code in her petition and that she has been expressly informed in the past that she cannot represent the legal interests of other persons.[5] Consequently, we deem any argument that attempts to distort legal authority for the purpose of evading or circumventing the proscription against unlicensed practice as not brought in good faith.

¶ 8 Rule 33(b) of the Rules of Appellate Procedure provides: "[A] frivolous appeal, motion, brief, or other paper is one that is not grounded in fact, not warranted by existing law, or not based on a good faith argument to extend, modify, or reverse existing law." With this standard in mind, we turn to the present petition. The underlying collections action was commenced against Kelli as a defendant. The plaintiffs eventually agreed to dismiss the action with prejudice, apparently due to settlement of the claim. However, the case continued forward because Kelli elected to pursue a counterclaim against the plaintiff and other parties. On November 25, 2002, the district court granted the counterclaim defendants' motion for summary judgment and directed counsel to prepare the order. According to Holli's petition, Kelli assigned her claims on December 4, 2002. Holli asserts she then moved to intervene[6] on December 6, followed by numerous motions and objections. The counterclaim defendants moved for attorney fees, and the district court scheduled a hearing on that matter. Apparently, an order relating to the November 25 ruling was filed on December 27, and the hearing on attorney fees was conducted on January 16, 2003. The transcript of the January 16, 2003, hearing before the district court indicates Kelli appeared and was represented by licensed legal counsel. It is not clear whether Holli was present at the hearing. The district court indicated it would award a fixed amount of attorney fees and directed the counterclaim defendants' counsel to prepare an order. The district court stated it would not address Holli's pleadings because she was not a party to the case. It also specifically stated it would not allow Holli to appear as a party unless she filed a motion for substitution pursuant to rule 25(c) of the Utah Rules of Civil Procedure. Holli then brought the instant petition, requesting an order directing the district court to allow her to intervene as a matter of right.

¶ 9 Based on the documentation provided by the petition,[7] it is not warranted by existing law. A petition for extraordinary writ may be brought only where "no other plain, speedy and adequate remedy is available." Utah R. Civ. P. 65B(a). While Holli acknowledges this standard, her petition manifestly fails to comply with it.

¶ 10 Where a chose in action is purportedly conveyed after a legal action concerning it already has been filed by the original party in interest, the assignee may be required to obtain a substitution of parties according to the dictates of rule 25(c) of the Rules of Civil Procedure; specifically: "the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action." Utah R. Civ. P. 25(c). While rule 25(c) speaks in permissive rather than mandatory terms, it is clear courts cannot be compelled to recognize a substitution of parties at the whim of the movant. *See, e.g., Calder Bros. Co. v. Anderson,* 652 P.2d 922, 927 n. 6 (Utah 1982) (upholding denial of motion for substitution of real party in interest, where motion was filed subsequent to default judgment).

---

5. *E.g., Lundahl v. Alta View Hospital,* No. 20020749 (letter from court dated October 23, 2002).

6. The respondents to the petition dispute whether this motion was actually filed. They assert Holli obtained a date-stamped copy without leaving a copy for the district court. While these allegations are also troubling, resolution of the conflicting allegations is not material to our decision here. For the limited purpose of reviewing this petition, we will assume the motion to intervene was in fact filed.

7. The bulk of the allegations of fact in Holli's petition are argumentative, conclusory, or irrelevant. Because this court does not have access to the record, it must necessarily rely on those facts, and documents properly derived from that record and submitted as part of the petition to guide its determination of frivolousness.

The provision that the action "may be continued by or against the original party," unless the court grants a motion for substitution, preserves the court's inherent power to manage the case without undue disruption, confusion, or interference.[8] *See Briggs v. Hess,* 122 Utah 559, 561, 252 P.2d 538, 539 (1953).

¶ 11 Holli instead improperly moved to intervene as a matter of right under rule 24(a).[9] Rule 24(a) grants a right to intervene, upon "timely application," where the applicant "claims an interest relating to the property or transaction which is the subject of the action." Holli, however, cannot claim an independent interest relating to either property or a transaction because the "transaction" at issue is the alleged conveyance of the chose in action itself. If courts were to countenance such subterfuges, it would confer an unconditional right to intervene on the entire universe of individuals or entities legally capable of accepting the assignment of a cause of action.

¶ 12 Consequently, the district court's justifiable refusal to address a multitude of last-ditch, disruptive legal filings was well within its discretion and supported by Holli's failure to avail herself of the procedural rule de-signed to afford her the relief she claimed. Holli has documented no basis in law for bringing a petition for extraordinary writ. Nor does she even purport to argue in favor of a good faith extension or modification. Instead, the legal analysis she presents in support of her petition is confined to a conclusory assertion that she has a statutory right to intervene, accompanied by several manifestly inapposite citations. Where rule 25(c) provided the proper mechanism, if any, for Holli to obtain the relief she requests,[10] her petition for extraordinary relief is frivolous on its face.

¶ 13 We therefore turn to the appropriate consequence for filing a frivolous pleading. Rule 33(a) of the Utah Rules of Appellate Procedure provides that "if the court determines that a motion made or appeal taken under these rules is either frivolous or for delay, it shall award just damages."[11] Pursuant to this provision, the real-party-in-interest respondents have requested costs and attorney fees. See Utah R. App. P. 33(c)(1). We hold N.A.R. Inc., Mark Olson, Olson & Associates, P.C., Anthony Tidwell, D.D.S., and Olympus View Dental Center are entitled to attorney fees and double costs for the time and resources expended in

---

8. One of Holli's asserted justifications for seeking an extraordinary writ is her claim that the time for filing a notice of appeal began to run on December 27, 2002. The real parties in interest, on the other hand, assert that order was not a final judgment. Regardless, where a timely motion for attorney fees is interposed, the time for filing a notice of appeal does not begin to run until a final order fixing the amount of those fees is entered. *See Promax Dev. Corp. v. Raile,* 2000 UT 4, ¶ 15, 998 P.2d 254 ("[A] trial court must determine the amount of attorney fees awardable to a party before the judgment becomes final for purposes of appeal."); *see also Sittner v. Schriever,* 2000 UT 45, ¶ 19, 2 P.3d 442. In this case, the final order on the motion for attorney fees had not been filed at the time Holli submitted this petition, and, in any event, Holli's own failure to timely move for substitution does not create an emergency necessitating this court's intervention.

9. Holli additionally relies on rule 17(a) of the Rules of Civil Procedure. Rule 17(a) requires actions to be brought in the name of a real party in interest. It also prohibits dismissal of the action "on the ground that it is not prosecuted in the name of the real party in interest," until the court has appropriately examined the issue.

This rule plainly is inapposite. There is no question the counterclaims initially were brought in the name of a real party in interest. Also, the basis for dismissal of the lawsuit had nothing to do with Holli's belated assertion that she should be allowed to intervene; indeed, the district court granted summary judgment before Holli received her purported assignment.

10. Since rule 38 of the Utah Rules of Appellate Procedure allows the appellate court to independently determine proper substitution of parties, Holli would not have been deprived of her right to seek substitution even if she had brought a proper motion for substitution and the district court had failed to rule on it prior to entry of final judgment. Assuming, without deciding, that a motion for substitution brought just prior to entry of final judgment would not toll the time for filing a notice of appeal, the right to appeal would remain vested in Kelli, and Holli could employ rule 38 to pursue her claim of substitution before the appellate court.

11. For purposes of this rule, "a motion made or appeal taken" necessarily includes all filings that are submitted to this court. Otherwise, parties would be excused from the consequences of filing a frivolous petition for discretionary review.

defending against this frivolous petition. We direct the district court to determine the amount of those sanctions and to take whatever other actions it deems appropriate within its jurisdictional authority.

¶ 14 We also wish to address Holli's history of consuming judicial resources without demonstrating adequate legal justification. Although certain fees are assessed against parties who avail themselves of the services of the courts, the judiciary of this state is largely funded by the taxpayers. It stands to reason that Holli should not be allowed to harass the judiciary of this state at public expense. While this court does not deem it appropriate at this time to assess a fine specifically designed to compensate the state for the resources Holli has consumed with frivolous litigation, there remains the matter of filing fees. Ordinarily, where litigants cannot afford to pay a filing fee, that fee is waived so that poverty will not create a de facto barrier to access to the courts. Holli routinely has taken advantage of the affidavit of impecuniosity to obtain virtually cost-free access to this court. Under the unusual circumstances of this case, and in light of her previous multitude of filings, this court enters the following ruling directed to the Clerk of the Utah Supreme Court: In any future filing of a petition for discretionary review by Holli Lundahl, the Clerk shall allow only a *conditional* waiver of the filing fee. In the event Holli's pleadings violate rule 33 of the Rules of Appellate Procedure, the conditional waiver of the fee will be revoked and Holli Lundahl will be barred from submitting any future filing of a petition for discretionary review until the filing fee is paid.

¶ 15 Furthermore, any motion for sanctions brought by an opposing party, or on the court's own motion, shall be judged by the standard set forth above. Specifically, Holli shall not receive any leniency of treatment based merely on nominal pro se status. Other courts of this state may take note of our ruling and respond appropriately. The courts of this state possess the powers necessary to maintain the orderly disposition of matters brought before them, including the power to levy sanctions and, in appropriate cases, to hold in contempt the parties who appear before them.

¶ 16 In conclusion, we emphasize any prospective penalties will be applicable only to cases where Holli Lundahl fails to meet the threshold requirements of applicable laws and court rules. Any party who comes before the courts is obliged to abide by these in any event. Thus, the prospective portion of our ruling does not mandate sanctions per se, but merely constitutes a reminder and a warning that such sanctions are available and applicable. Holli Lundahl's privilege to access to the courts will be preserved in direct proportion to her willingness to accept the responsibilities accompanying that privilege.

¶ 17 Justice PARRISH does not participate herein.