**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 8, 2005**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

DONALD JOHNSON; MERRIE
LING; JAYE GORDON,

      Plaintiffs,

    and

HOLLI LUNDAHL; KASSI
LUNDAHL; KELLI LUNDAHL,

      Plaintiffs-Appellants,

v.

NANCY WEIBEN STOCK; EMPIRE
OF AMERICA; CALIFORNIA
FRANCHISE TAX BOARD;
MARCH FONG EU, Secretary of
State; GERALD, Commissioner, in
his personal capacity; LORRAINE
ALTHEA WELLS; EVE CHAPLIN;
PATRICIA DEVLIN, in her personal
capacity; STACEE NELSON, in her
personal capacity; LOS ANGELES
COUNTY; AETNA CASUALTY
AND SURETY COMPANY;
CALIFORNIA IRONWORKERS
HEALTH & WELFARE PLAN;
PATRICIA RICH, in her personal
capacity; THOMPSON AND
COLGATE; RAY BICKNELL, in his
personal capacity; CHA BIC, CORP.;
THERESA MCDEVITT, in her
personal capacity,

      Defendants,

No. 03-4219
(D.C. No. 2:97-CV-951-TS)
(D. Utah)

and

SOURCE ONE MORTGAGE SERVICE; LORI PIVO; CONTINENTAL ASSURANCE COMPANY, also known as CNA Insurance, Inc.; STEPHEN CUNNISON, Honorable; VICTOR MICELLI; COUNTY OF RIVERSIDE; KENT LIVINGSTON, in his personal capacity; UNITED STATES OF AMERICA; GENERAL SERVICES ADMINISTRATION/FEDERAL PROTECTIVE SERVICE; INTERNAL REVENUE SERVICE; HAROLD GRIMES; FRED TILLMAN; GEORGE SANTOS; JESSE GONZALES, also known as Jesse Lemeli; CHRISTINA JOHNSON; EARL ESTRADA; GREG ESTES; ANNE TRAN; DAREN LEON; GEORGE YEE; WILLIAM SMITH; STEVEN LINICK; JACK WEISS; BUREAU OF PRISONS; W. LESTER also known as W. VOGEL; R. BUSTAMANTE; S. DOBBS; JUDGE ROBERT J. TIMLIN; MAGISTRATE JUDGE BRIAN ROBBINS; JUDGE LORDES G. BAIRD; CATHY CATERSON; JERI CURTIS; GABRIELLA DOE, also known as Gabriella Van Allen; PETER SHAW; PROFESSIONAL RISK MANAGEMENT; POTTS, Officer; CORBETT, Officer; HAMILTON, Sergeant; FULLERTON POLICE DEPARTMENT; PRUDENTIAL ASSET MANAGEMENT

COMPANY, INC.; ROYALE
HEALTH CARE; ; BARNEY
UNGERMANN AND ASSOCIATES;
ANGELA SABERI; ROXANNE
TAKEUCHI; ELI LILLY & CO.,
INC; MORRIS, POLICH & PURDY;
CONNIE ELLIANO; MOONRAKER
APARTMENTS; VERIZON
CALIFORNIA INC., formerly known
as GTE; CAROL HUMISTON; CITY
OF GARDEN GROVE;
MURTAUGH, MILLER, MEYER
AND NELSON; TRAVELERS
INSURANCE COMPANY;
ADVANCED CARDIOVASCULAR
SYSTEMS,

      Defendants-Appellees.

---

### ORDER AND JUDGMENT [*]

---

Before **SEYMOUR** , **KELLY** , and **McCONNELL** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiffs filed this action in the District of Utah against dozens of federal, state, and private defendants, alleging causes of action ranging from civil rights claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 42 U.S.C. § 1983 to antitrust violations to state law tort claims. They appeal from interlocutory orders dismissing certain defendants named in their 171-page first amended complaint, and from the district court's ultimate order dismissing their action for failure to prosecute. We affirm the dismissals, deny all pending appellate motions, enter proposed filing restrictions against plaintiffs, and vacate as moot our previously-issued order to show cause concerning alleged fraud upon the court.

MERITS OF APPEAL

Plaintiffs raise the following issues on appeal:

1. Federal District Judge Tena Campbell was mandatorily disqualified from sitting on this case, and therefore all orders she entered were void as a matter of law.

2. Plaintiffs' Federal Tort Claims Act (FTCA), tax injunction and Quiet Title Act claims against the United States should not have been dismissed for failure to comply with administrative filing requirements.

3. Individual federal defendants named in the action should not have been dismissed for lack of personal jurisdiction.

-4-

4. The district court should not have dismissed defendants on the basis of res judicata.

5. The district court should not have dismissed defendants on the basis of statute of limitations.

6. The district court should not have dismissed defendants for lack of personal jurisdiction.

7. The district court should not have dismissed claims against Eli Lilly & Company, Inc., for improper venue.

8. The district court should not have dismissed plaintiffs' Administrative Procedures Act (APA) claims against the State of California.

9. The district court erred in entering certain rulings while the case was subject to an automatic stay created due to Holli Lundahl's bankruptcy.

10. Clerks of court committed Westfall Act violations by failing to enter default judgments against certain defendants.

Having reviewed the briefs, pertinent portions of the record, and the applicable law in light of the pertinent standards of review, this court affirms the challenged orders of the district court and the dismissal of this case, for substantially the same reasons stated by the district court.

## PENDING MOTIONS

An extraordinary number of motions have been filed in this appeal. The internal docket for the appeal contains over 350 entries, a quantity highly unusual in appellate litigation. Motions pending on this court's docket include motions to strike, motions for permission to file over-length briefs, motions to supplement the record, motions to dismiss the appeal, and motions to impose filing restrictions and/or sanctions. Many of these motions include voluminous appendices, affidavits and accompanying memoranda. Upon consideration, we have determined that none of the motions affect the disposition of this appeal and that each of these motions should be denied. Therefore, all pending motions are denied.

## FILING RESTRICTIONS

Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances. *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989). Injunctions restricting further filing are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented. *See id.* at 353-54.

### 1. Lengthy and abusive filing history

Plaintiffs (hereafter meaning those plaintiffs in the district court who are named as appellants in this appeal), and in particular plaintiff Holli Lundahl, have a lengthy and abusive history of filing frivolous, prolix and vexatious actions and pleadings, both in this court and in other state and federal courts. Ms. Lundahl's litigation tactics, in which the other plaintiffs have participated in this case, have not escaped notice by the courts before which she has appeared. The Utah Supreme Court, for example, noted that in approximately four years, Ms. Lundahl filed nineteen appeals, four writ petitions, two petitions for certiorari, and two petitions for interlocutory appeal before that court. *Lundahl v. Quinn*, 67 P.3d 1000, 1001 (Utah 2003). That court opined that her filings were "routinely frivolous" and "brought with the apparent purpose, or at least effect, of harassment, not only of opposing parties, but of the judicial machinery itself." *Id.* at 1002. Noting Ms. Lundahl's "history of consuming judicial resources without demonstrating adequate legal justification," *id.* at 1005, the Utah Supreme Court imposed restrictions on her future filings, including making future fee waivers conditional upon compliance with that state's rules of appellate procedure.

The Ninth Circuit has also imposed pre-filing restrictions on Ms. Lundahl, *In re Lundahl*, No. 97-80258 (9th Cir. Jul. 17, 1997) (order imposing pre-filing review), as has the United States District Court for the District of Utah, *see In re*

*Lundahl* (D. Utah July 8, 2004) (general order imposing filing restrictions), and the United States Supreme Court, *see Lundahl v. Eli Lilly & Co.*, 73 USLW 3631, 2005 WL 461288 (U.S. Apr. 25, 2005). In her most recent maneuver, Ms. Lundahl sought to "remove" cases filed in California and Utah to the district of Idaho; that court not only resisted her attempt at forum-shopping, it also denied her leave to proceed in forma pauperis, finding that she is a vexatious litigant. *See Los Angeles Home-Owners Aid Inc. v. Lundahl*, No. Civ. 05-126-E-BL-W, 2005 WL 1140649, at *3-*4 (D. Idaho May 13, 2005).

This court has previously dismissed a number of appeals filed by Lundahl as frivolous or meritless. *Lundahl v. Lewis*, Nos. 04-4038, 04-4039, 2005 WL 984400, at *1 (10th Cir. Apr. 28, 2005) (denying IFP "[b]ecause we deem these matters frivolous" and dismissing appeals); *Lundahl v. Robbins*, No. 04-4236, 2005 WL 984486 (10th Cir. Apr. 28, 2005) (denying IFP and dismissing appeal); *Lundahl v. Fireman's Fund Ins. Co.*, No. 04-4243, 2005 WL 984490, at *1 (10th Cir. Apr. 28, 2005) (same; noting that "Ms. Lundahl's arguments border on specious" and that her "pattern of vexatious litigation may warrant the imposition of sanctions or other restrictions").

In the present action, Lundahl filed a complaint substantially similar to one pending in the California federal courts. She also filed a separate action in Utah for relief from the California judgments under Rule 60(b), *Lundahl v. Compton*,

No. 99-CV-15 (D. Utah), in which she attempted to create a colorable basis for jurisdiction over California defendants by advancing the frivolous argument that the defendants were agents or instrumentalities of a "foreign" state (i.e., California) within the meaning of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602(b), and the Torture Victim Protection Act, *id.* § 1350. She also filed a third action for Rule 60(b) relief in Utah, later consolidated with this case, containing similar claims and assertions. *Lundahl v. United States*, No. 98-CV-639 (D. Utah). The costs of this duplicative litigation, often pursued in forma pauperis by plaintiffs, have been enormous. [2]

Additionally, Lundahl's complaint in the present action, along with her parallel complaints in the Utah district court, are replete with fanciful, implausible and bizarre factual assertions. Her legal claims, including antitrust claims, are virtually all meritless. If there is a viable argument lurking within one of the claims, it is obscured by Ms. Lundahl's abusive litigation practices.

Lundahl has named opposing attorneys, judges, court clerks, and other court personnel as defendants, accusing them of joining in a massive conspiracy against her. In this court, she has requested, among other things, that oral

---

[2] Defendants Eli Lilly and Company, Inc. and Advanced Cardiovascular Systems, Inc. have informed this court in a signed pleading that their legal costs alone to date in defending against Ms. Lundahl's claims exceed one million dollars.

argument be conducted on all pending motions and that a media consultant be present to videotape such oral arguments for purposes of broadcast. Her vexatious litigiousness has resulted in an immense waste of judicial resources. "The right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Winslow v. Hunter (In re Winslow)*, 17 F.3d 314, 315 (10th Cir. 1994) (quotation omitted).

## 2. Filing restrictions to be imposed

Because plaintiffs, and in particular plaintiff Holli Lundahl, have abused the appellate process, we impose the following reasonable filing restrictions upon them, *see id. at* 315-16, subject to their opportunity to file written objections as we outline below. [3] If the written objections are overruled, plaintiffs or any of them, individually or collectively, will be ENJOINED from proceeding as petitioners in an original proceeding or as appellants in this court unless they are

---

[3] Although plaintiffs other than Ms. Lundahl were apparently not personally involved in many of the previous actions in which filing restrictions were imposed against Ms. Lundahl, we cannot exclude them from the present order because to do so would create a large loophole for continued abuse of the courts through surrogate litigation by Ms. Lundahl. Ms. Lundahl has used these plaintiffs to engage in her practice of frivolous litigation. To the extent that these plaintiffs may have legitimate claims separate and apart from those of Ms. Lundahl that they wish to pursue in this court, the guidelines we announce for future filings will permit the clerk of this court as gatekeeper to permit such actions to go forward. Moreover, plaintiffs are to be given notice of this order and an opportunity to respond to it.

represented by a licensed attorney admitted to practice in this court or unless they first obtain permission to proceed pro se. To obtain permission to proceed pro se, plaintiffs must take the following steps:

1. File a petition with the clerk of this court requesting leave to file a pro se action;

2. Include in the petition the following information:

A. A list of all lawsuits currently pending or filed previously with this court, including the name, number, and citation, if applicable, of each case, and the current status or disposition of the appeal or original proceeding; and

B. A list apprising this court of all outstanding injunctions or orders limiting plaintiffs' access to federal court, including orders and injunctions requiring plaintiffs to seek leave to file matters pro se or requiring them to be represented by an attorney, including the name, number, and citation, if applicable, of all such orders or injunctions; and

3. File with the clerk a notarized affidavit, in proper legal form, which recites the issues they seek to present, including a short discussion of the legal basis asserted therefor, and describing with particularity the order being challenged. The affidavit also must certify, to the best of plaintiffs' knowledge, that the legal arguments being raised are not frivolous or made in bad faith, that they are warranted by existing law or a good faith argument for the extension,

-11-

modification, or reversal of existing law, that the appeal or other proceeding is not interposed for any improper purpose such as delay or to needlessly increase the cost of litigation, and that they will comply with all appellate and local rules of this court.

These documents shall be submitted to the clerk of the court, who shall forward them to the chief judge of this court. The chief judge or her designee shall review the documents to determine whether to permit the pro se appeal or other proceeding. Without the approval of the chief judge or her designee, the matter will be dismissed. If the chief judge or her designee approves the submission, an order will be entered indicating that the matter shall proceed in accordance with the Federal Rules of Appellate Procedure and the Tenth Circuit Rules.

### 3. Opportunity to be heard

Plaintiffs (meaning those plaintiffs in the district court who are named as appellants in this appeal) shall have ten days from the date of this order to file written objections, limited to fifteen pages, to these proposed sanctions. See *Winslow* , 17 F.3d at 316-17. If plaintiffs do not file objections, the sanctions shall take effect twenty days from the date of this order. *Id.* at 316-17. The filing restrictions shall apply to any matter filed after that time. If plaintiffs do file

timely objections, these sanctions shall not take effect until after this court has ruled on those objections.

ORDER TO SHOW CAUSE

On November 9, 2004, this court entered an order to show cause why this appeal should not be dismissed for fraud upon the court. Plaintiffs filed multiple voluminous pleadings in response. While the panel remains unconvinced that the challenged documents plaintiffs submitted to this court are genuine and/or unaltered, the court concludes that judicial economy is best served by foregoing the appointment of a special master and/or the institution of extensive hearings on the fraud on the court issue at this time. Because affirmance is appropriate on the merits, and because the filing restrictions proposed in this order are designed to prevent further abuse of the litigation process in this court, the goals of deterring fraud on the court and vindicating the dignity of this court are adequately served by measures taken in this order. We therefore discharge the order to show cause as moot.

The judgment of the district court is AFFIRMED. All pending motions are DENIED. Plaintiffs (appellants in this appeal) are ENJOINED from further filings in accordance with the restrictions set out in this order and judgment, subject to their opportunity to respond to the proposed filing restrictions as stated herein. The order to show cause entered November 9, 2004 is DISCHARGED as moot.

Entered for the Court


Stephanie K. Seymour
Circuit Judge