2006 UT App 314

**Greg J. HANSEN, Petitioner and Appellant,**

v.

**Julie Ann KIK fka Julie Ann Hansen, Respondent and Appellee.**

**No. 20050464–CA.**

Court of Appeals of Utah.

July 28, 2006.

Andrew B. Berry Jr., Moroni, for Appellant.

Douglas L. Neeley, Manti, for Appellee.

Before BENCH, P.J., GREENWOOD, Associate P.J., and ORME, J.

MEMORANDUM DECISION

GREENWOOD, Associate Presiding Judge:

¶ 1 Greg J. Hansen (Petitioner) appeals from the trial court's enforcement of a divorce decree ordering him to pay his ex-wife, Julie Ann Kik (Respondent), $4000 for equity in the parties' mobile home property and $6855 for the value of numerous personal property items. Petitioner argues that (1) the statute of limitations bars enforcement of the decree, *see* Utah Code Ann. § 78–12–22 (2002); (2) the doctrine of laches precludes judgment; (3) insufficient evidence as to the value of the personal property precludes a damages award; and (4) he is entitled to costs and attorney fees. However, we are unable to review the merits of Petitioner's appeal because it is untimely under rule 4(a) of the Utah Rules of Appellate Procedure, *see* Utah R.App. P. 4(a) (providing that a notice of appeal must be filed "within 30 days after the date of entry of the judgment or order appealed from."), and we lack jurisdiction to hear an untimely appeal. *See Serrato v. Utah Transit Auth.*, 2000 UT App 299,¶ 7, 13 P.3d 616.

¶ 2 A brief examination of the relevant procedural history clarifies our decision. On

November 15, 1994, the trial court entered a decree of divorce. The decree divested Respondent of any interest in the parties' mobile home property, in exchange for receiving $4000 from Petitioner, and awarded Respondent certain personal property items, which she was allowed to store at Petitioner's residence until she was able to remove them.

¶ 3 Nearly ten years later, Respondent filed a Motion for Order to Show Cause, requesting that Petitioner be held in contempt for his non-compliance with the decree and requesting that he be ordered to pay Respondent $4000, with interest, for equity in the mobile home property, and to immediately return her personal property or its monetary value. After a hearing, the trial court issued an Order on Order to Show Cause and Judgment (original order) on November 16, 2004. The original order's findings of fact state that Respondent should be awarded judgment for the $4000 in equity. The first sentence of paragraph 9 of the findings of fact states that "Petitioner" should be awarded judgment for the value of the personal property. Then, inconsistent with that statement, paragraph 9 states that Petitioner should receive a $1320 credit for storage of the items and Respondent should be awarded a judgment against Petitioner for the net amount of $6855. Except for the first sentence of paragraph 9, the findings of fact are consistent with the trial court's minute entry. Thus, the original order was internally inconsistent and ordered judgment for the value of the personal property items to "Petitioner," instead of "Respondent."

¶ 4 Thereafter, Respondent filed a Motion to Amend Order on Order to Show Cause and Judgment Nunc Pro Tunc, pursuant to rule 60(a) of the Utah Rules of Civil Procedure. *See* Utah R. Civ. P. 60(a). Respondent contended that the trial court's reversal of the parties' names was "clerical in nature and does not affect the parties adversely."

In response, Petitioner objected to the entry of the judgment nunc pro tunc and asserted that the prior judgment should be vacated.

■ ¶ 5 On May 5, 2005, the trial court entered an Amended Order on Order to Show Cause and Judgment (amended order). The amended order was identical to the original order except that "Petitioner" was changed to "Respondent" in the award of $6855 for the value of the personal property. The trial court denied Petitioner's objections to the nunc pro tunc order and made the amended order "retroactive back to the date of the original" November 16, 2004 order. In its order denying Petitioner's objections, the trial court stated that "Petitioner does not dispute the Respondent's claim that this was a clerical error. Petitioner argues simply that he does not want the order to be 'nunc pro tunc.' He fails to provide a satisfactory reason for his objection."

■ ¶ 6 Respondent contends that because the trial court modified a clerical error, the amended order was properly issued nunc pro tunc and relates back to the time of the original order, entered November 16, 2004. She argues that, as a result, Petitioner's May 18, 2005 notice of appeal was untimely filed from the trial court's original order. Conversely, Petitioner asserts that the trial court's modification in the amended order materially changed its character and substance. He therefore maintains that the time for appeal should run from the amended order, which would make his notice of appeal timely.[1]

¶ 7 This court must determine whether the trial court's modification was clerical or material. *See State v. Garner*, 2005 UT 6, ¶ 11, 106 P.3d 729 (" 'Where a belated entry merely constitutes an amendment or modification not changing the substance or character of the judgment, such entry is merely a nunc pro tunc entry which relates back to the time the *original* judgment was entered, and does

---

1. Petitioner argues that when a trial court enters a new or amended judgment under rule 60 of the Utah Rules of Civil Procedure, the time for appeal runs from the entry of the amended judgment. *See Sittner v. Schriever*, 2000 UT 45, ¶ 22, 2 P.3d 442 (observing that if a trial court *granted* a rule 60(b) motion, "and enter[ed] a new judgment, the time for appeal [would] date from the entry of that judgment" (quotations and citation omitted)). In this matter, however, Respondent filed a motion to amend based on a clerical mistake under rule 60(a). Changes made to a judgment pursuant to rule 60(a) neither toll the time available for the filing of a notice of appeal, nor do they reset the clock for filing an appeal.

**560**

not enlarge the time for appeal; but where the modification or amendment is in some material matter, the time begins to run from the time of the modification or amendment.'" (quoting *Adamson v. Brockbank*, 112 Utah 52, 185 P.2d 264, 268 (1947))). *Compare Nielson v. Gurley*, 888 P.2d 130, 132–33 (Utah Ct.App.1994) (holding that amendment clarifying that plaintiff was entitled to costs as well as previously ordered attorney fees was merely clerical and did not change the character of the judgment), *with ProMax Dev. Corp. v. Raile*, 2000 UT 4, ¶¶ 11, 15, 998 P.2d 254 (holding that order awarding attorney fees after judgment was a material modification). In *State v. Garner*, 2005 UT 6, 106 P.3d 729, the supreme court held that a modification of a judgment noting that a guilty plea was conditional was not material where the modification was consistent with defendant's actual plea and other portions of the judgment. *See id.* at ¶ 13. Similarly, the modification in this case resulted in internal consistency in the order and judgment, and consistency with the actual order of the trial court as reflected in the minute entry.

¶ 8 We conclude, therefore, that the trial court's modification was clerical and did not change the substance or character of the judgment. Accordingly, Petitioner's notice of appeal was untimely filed and we dismiss for lack of jurisdiction.

¶ 9 I CONCUR: GREGORY K. ORME, Judge.

¶ 10 I CONCUR IN THE RESULT: RUSSELL W. BENCH, Presiding Judge.