2016 UT App 218

# THE UTAH COURT OF APPEALS

JEFF PRICE AND ANN PRICE,
Appellees,
*v.*
DANIELLE SPRAGUE,
Appellant.

Memorandum Decision
No. 20150663-CA
Filed November 3, 2016

Second District Court, Farmington Department
The Honorable David R. Hamilton
No. 120701157

Danielle Sprague, Appellant Pro Se

Matthew N. Evans and A.J. Green, Attorneys
for Appellees

JUDGE KATE A. TOOMEY authored this Memorandum Decision, in
which JUDGES J. FREDERIC VOROS JR. and DAVID N. MORTENSEN
concurred.

TOOMEY, Judge:

¶1     Danielle Sprague appeals the trial court's judgment in
favor of Jeff Price and Ann Price in this landlord-tenant dispute.
Sprague's argument is inadequately briefed and we therefore
affirm.

¶2     "It is well established that an appellate court will decline
to consider an argument that a party has failed to adequately
brief." *Valcarce v. Fitzgerald*, 961 P.2d 305, 313 (Utah 1998). An
adequately briefed argument "contain[s] the contentions and
reasons of the appellant with respect to the issues presented . . .
with citations to the authorities, statutes, and parts of the record
relied on." Utah R. App. P. 24(a)(9). "Implicitly, rule 24(a)(9)

requires not just bald citation to authority but development of that authority and reasoned analysis based on that authority." *State v. Thomas*, 961 P.2d 299, 305 (Utah 1998).

¶3     Sprague appears pro se. Parties who represent themselves are "held to the same standard of knowledge and practice as any qualified member of the bar." *Allen v. Friel*, 2008 UT 56, ¶ 11, 194 P.3d 903 (citation and internal quotation marks omitted). Nevertheless, "appellate courts are generally lenient with pro se litigants," *Bell v. Bell*, 2013 UT App 248, ¶ 27, 312 P.3d 951 (citing *Lundahl v. Quinn*, 2003 UT 11, ¶¶ 3–4, 67 P.3d 1000), and they are "entitled to every consideration that may reasonably be indulged," *Allen*, 2008 UT 56, ¶ 11 (citation and internal quotation marks omitted).

¶4     But even applying a more lenient standard, Sprague's brief is far from adequate. The brief states five issues presented for our review,[1] but it does not state "the standard of appellate review with supporting authority" nor does it provide "citation to the record showing that the [issues were] preserved in the trial court." Utah R. App. P. 24(a)(5). And although Sprague includes some citation to authority in her argument, she does not

---

1. The issues raised in the brief are (1) whether the trial court erred in concluding Sprague terminated a lease agreement with the Prices by sending them an eviction notice, (2) whether the trial court erred in finding Sprague did not present sufficient evidence to prove the Prices caused water damage to the property they leased from Sprague, (3) whether the trial court erred in concluding Sprague breached the lease agreement by not refunding the Prices' security deposit, (4) whether the trial court erred in concluding the Prices did not materially breach the lease agreement, and (5) whether the trial court erred in not concluding the Prices' behavior was in bad faith and in breach of the implied covenant of fair dealing.

develop it or explain how it applies to the particular issues. These deficiencies prevent us from understanding "what particular errors were allegedly made, where in the record those errors can be found, and why, under applicable authorities, those errors are material ones necessitating reversal or other relief." *State v. Lucero*, 2002 UT App 135, ¶ 13, 47 P.3d 107 (citation and internal quotation marks omitted).

¶5 For example, Sprague alleges that the Prices filed "this meritless lawsuit . . . in bad faith." But she does not demonstrate that this issue was preserved at trial—indeed, we could find no reference to bad faith anywhere in the trial transcript or in the court's findings of fact and conclusions of law. Nor has Sprague attempted to show why this issue should be reviewed under an exception to the preservation requirement, such as plain error or exceptional circumstances. *See State v. Irwin*, 924 P.2d 5, 7 (Utah Ct. App. 1996). Furthermore, after explaining the facts supporting her allegation of bad faith, Sprague cites four Utah cases without any description of their holdings or how they might apply to this particular issue.

¶6 Moreover, although the initial brief and the reply brief include voluminous addenda, these addenda contain documents outside the record, which we cannot consider on appeal. *See State v. Pliego*, 1999 UT 8, ¶ 7, 974 P.2d 279 (explaining that an appellate court's review is limited to the evidence contained in the record on appeal). "[A]lthough the record may be supplemented if anything material is omitted, it may not be done by simply including the omitted material in the party's addendum." *Id.* Sprague's briefs cite the addenda, but because the addenda are not numbered in a manner consistent with the trial court record, it is difficult to determine which information is contained in the record and may be considered, and which is not and must be disregarded.

¶7 Finally, many of the facts Sprague alleged in her brief are unsupported by any citation to the record, and where she

includes a citation to a document included in one of the addenda, the cited material often does not support her factual proposition. To illustrate, Sprague claims that on a particular day, the Prices informed her that the dishwasher in the leased premises was leaking and demanded she clean up the leaked water. But the portion of the addendum Sprague cites in support of this claim shows only the purchase receipt of a dishwasher and an email informing the Prices that a dishwasher would be installed. Additionally, Sprague claims that on December 8, 2012, the Prices informed her they would leave the residence the next day, but she cites a page in the addendum that is a copy of an email from October.

¶8     Even allowing Sprague every consideration that may reasonably be indulged, the lack of citation to the record and development of relevant authority preclude us from reaching the merits of her appeal. We therefore affirm.

———————