**2025 UT App 109**

## THE UTAH COURT OF APPEALS

TANNIN J. FUJA AND MEGAN FUJA,
Appellants,
*v.*
CORBETT STEPHENS,
Appellee.

Opinion
No. 20240293-CA
Filed July 10, 2025

Fourth District Court, Provo Department
The Honorable Robert C. Lunnen
No. 220400256

Tannin J. Fuja and Megan Fuja, Appellants Pro Se

Robert C. Keller and Dani N. Cepernich,
Attorneys for Appellee

JUDGE DAVID N. MORTENSEN authored this Opinion, in which
JUDGES RYAN D. TENNEY and JOHN D. LUTHY concurred.

MORTENSEN, Judge:

¶1      Tannin and Megan Fuja appeal the dismissal of their complaint against Corbett Stephens for acts committed while he was employed by the City of Woodland Hills. The district court held that the complaint did not state a claim upon which relief could be granted. We affirm the dismissal, but we do so on grounds of governmental immunity apparent in the record. Further, we reject the Fujas' constitutional challenges to the Governmental Immunity Act of Utah.

## BACKGROUND

¶2      This appeal stems from a dispute over the construction of a house on property (the Site) in Woodland Hills, Utah, that is

adjacent to property the Fujas owned. Believing that city authorities had been unresponsive to their concerns, the Fujas, proceeding pro se, filed a petition for review in 2022, followed by an amended petition for review, naming the City of Woodland Hills, the Woodland Hills Building Inspector, the Woodland Hills Building Official, the Woodland Hills Zoning Enforcement Officer, the Woodland Hills City Engineer, the Woodland Hills City Council, the Woodland Hills Mayor, and Corbett Stephens as respondents.[1] In their amended petition, the Fujas alleged that construction on the Site was conducted in violation of the approved building permit, the Woodland Hills Zoning Ordinances, the Woodland Hills Development and Construction Standards, and other mandatory land use regulations. They further alleged that the Woodland Hills Building Inspector, the Woodland Hills Building Official, the Woodland Hills Zoning Enforcement Officer, the Woodland Hills City Engineer, and the Woodland Hills City Council willfully failed to correctly enforce the mandatory land use regulations and the requirements of the building permit in relation to the Site.

¶3 The respondents filed a motion to dismiss the amended petition, arguing that they were immune under the Governmental Immunity Act of Utah (the UGIA). *See* Utah Code §§ 63G-7-101 to -904. In response, the Fujas did not dispute that the City of Woodland Hills was immune, but they then argued that Stephens's immunity was waived by the UGIA.

¶4 In early 2023, the Fujas filed a stipulated Notice of Voluntary Dismissal of the Enforcement Claims. The court heard oral argument on the motion to dismiss. There, the Fujas represented that they were no longer pursuing claims against the

---

1. At the time the Fujas filed their first amended petition, they alleged that Corbett Stephens was working as the Woodland Hills Building Inspector and the Woodland Hills Building Official. They listed Stephens as a respondent using both his name and his official titles.

City of Woodland Hills or many of its officials but were only pursuing claims against Stephens.

¶5 After oral argument, but before the court entered its ruling, this court issued its opinion in *Graves v. Utah County Government* (*Graves I*), 2023 UT App 73U, *amended and superseded on reh'g*, 2024 UT App 80, 551 P.3d 1029. *Graves I* supported the Fujas' contention that Stephens's immunity had been waived. *Id.* ¶ 22. Given this development, the respondents filed a notice of supplemental authority alerting the district court to this decision. In their notice, the respondents stated, "Woodland Hills notes that the time for a petition for rehearing and petition for certiorari in [*Graves I*] has not yet run. Woodland Hills will update the Court in the event either is filed and granted. Woodland Hills expressly reserves the right to challenge the Court of Appeals' decision in [*Graves I*] in the event it is not modified on rehearing or certiorari."

¶6 Shortly after *Graves I* was issued, the district court ruled on the motion to dismiss, granting it as to the Fujas' claims against all respondents except Stephens and expressly denying the motion as to claims against Stephens. The court also instructed the Fujas to file an amended complaint.

¶7 As directed, the Fujas filed a second amended complaint. In that complaint, the Fujas named only Stephens as a respondent.[2] The Fujas alleged that, during the ongoing court proceedings related to this dispute, Stephens willfully and intentionally undertook his duties as a city employee in a fraudulent way by knowingly giving false testimony, fabricating evidence, failing to disclose evidence, and allowing construction on the Site in violation of the city code. In response to the Fujas' second amended complaint, Stephens filed a motion to dismiss

---

2. At the time the Fujas filed their second amended complaint, they alleged that Stephens was working as the Woodland Hills Building Official and the Woodland Hills Public Works Director, but that he was no longer working as the Woodland Hills Building Inspector.

for failure to state a claim on which relief could be granted, *see generally* Utah R. Civ. P. 12(b)(6), which the district court granted.

¶8 In March 2024, the Fujas filed their notice of appeal. In May 2024, this court filed an amended opinion in *Graves v. Utah County Government* (*Graves II*), 2024 UT App 80, 551 P.3d 1029. In that opinion, this court clarified that the relevant section of the UGIA, section 63G-7-202(3)(c)(i), is "not a blanket waiver of immunity for governmental employees for any fraud or willful misconduct." *Id.* ¶ 21 n.5.

¶9 Because the district court granted Stephens's motion to dismiss based on the Fujas' failure to state a claim, the Fujas' briefing on appeal largely focuses on the merits of their claim. However, they acknowledge *Graves II* and challenge the constitutionality of the UGIA.[3] Stephens's briefing on appeal asks us to affirm the district court on the alternative grounds that Stephens's immunity was not waived by the UGIA and he was thus immune from suit in this case.

ISSUES AND STANDARDS OF REVIEW

¶10 The Fujas appeal, arguing that the district court erred in dismissing their claims. "A motion to dismiss should be granted only if, assuming the truth of the allegations in the complaint . . . , it is clear that the plaintiff is not entitled to relief." *Hudgens v. Prosper, Inc.*, 2010 UT 68, ¶ 14, 243 P.3d 1275 (cleaned up). We generally review a district court's decision to dismiss claims under rule 12(b)(6) for correctness. *Blanch v. Farrell*, 2018 UT App 172, ¶ 14, 436 P.3d 285. But in this case, we decide the matter on the alternative grounds of governmental immunity. Interpretation of the UGIA is a question of law. *Nunez v. Albo*, 2002 UT App 247, ¶ 9, 53 P.3d 2. Finally, the Fujas ask us to consider

---

3. While the Fujas do challenge the constitutionality of the UGIA as it was interpreted in *Graves II*, 2024 UT App 80, 551 P.3d 1029, they do not argue that *Graves II* should be overruled.

the constitutionality of the UGIA. "We review constitutional and statutory interpretation issues for correctness, granting no deference to the district court." *Vega v. Jordan Valley Med. Center, LP*, 2019 UT 35, ¶ 11, 449 P.3d 31.

## ANALYSIS

### I. Stephens's Immunity

¶11　The Fujas' assertion that the district court erred in dismissing their claims fails because Stephens is entitled to immunity under the UGIA.

¶12　"It is well established that we may affirm the judgment appealed from if it is sustainable on any legal ground or theory apparent on the record, even though such ground or theory differs from that stated by the trial court to be the basis of its ruling or action, and this is true even though such ground or theory is not urged or argued on appeal by appellee, was not raised in the lower court, and was not considered or passed on by the lower court." *Okelberry v. West Daniels Land Ass'n*, 2005 UT App 327, ¶ 11, 120 P.3d 34 (cleaned up); *see also State v. Steele*, 2019 UT App 71, ¶ 16, 442 P.3d 1204. An alternative theory is "apparent on the record" when the record contains "sufficient and uncontroverted evidence supporting the ground or theory to place a person of ordinary intelligence on notice that the prevailing party may rely thereon on appeal." *Francis v. State*, 2010 UT 62, ¶ 10, 248 P.3d 44 (cleaned up).

¶13　Here, the issue of Stephens's immunity is apparent on the record. Stephens asserted immunity in the respondents' initial motion to dismiss the amended complaint. In his motion to dismiss the second amended complaint, Stephens asserted that he maintains section 63G-7-202(3)(c) "does not constitute a waiver of immunity." Further, Stephens reserved "the right to revisit this argument in the event [*Graves I* was] altered on reconsideration on certiorari and to appeal this issue." *Graves I* was altered. It was

apparent in the record that should there ever be an opportunity, Stephens would return to his argument that the UGIA did not waive his immunity, which Stephens does in his principal brief on appeal, and to which the Fujas have responded.

¶14     "Governmental immunity shields the State and its employees acting in their official capacities from suit unless the State expressly consents to being sued." *Graves II*, 2024 UT App 80, ¶ 14, 551 P.3d 1029. The UGIA states that "each employee of a governmental entity [is] immune from suit for any injury that results from the exercise of a governmental function." Utah Code § 63G-7-201(1). Thus, "to determine if an employee of a governmental entity is immune from suit under the UGIA, we apply a three-part test, which assesses (1) whether the activity undertaken is a governmental function; (2) whether governmental immunity was waived for the particular activity; and (3) whether there is an exception to that waiver." *Graves II*, 2024 UT App 80, ¶ 14 (cleaned up).

¶15     First, Stephens's actions were exercises of a governmental function. The UGIA defines "[g]overnmental function" as "each activity, undertaking, or operation performed by a department, agency, employee, agent, or officer of a governmental entity." Utah Code § 63G-7-102(5)(b). "Governmental entity" is defined as "the state and its political subdivisions." *Id.* § 63G-7-102(4)(a). Our supreme court has recognized that the current definition of governmental function is broad. The legislature has "restricted governmental liability" by continually "expanding the [UGIA's] definition of 'governmental function'" to the point where it now encompasses "anything the government decides to do." *Scott v. Universal Sales, Inc.*, 2015 UT 64, ¶ 58, 356 P.3d 1172.

¶16     Here, Stephens's actions qualify as governmental functions because each action that the Fujas complain of was an activity, undertaking, or operation performed by Stephens when he was an employee of a governmental entity. The Fujas do not contend that Stephens's actions were not a governmental function under the statutory definition. To the contrary, the Fujas' second

amended complaint suggests that at all times relevant to the Fujas' claims, Stephens was acting as an employee of the City of Woodland Hills, a political subdivision of the state. The Fujas' second amended complaint consistently refers to Stephens as "a city employee" acting "in his official capacity" as "the building official." In fact, in their second amendment complaint, the Fujas specifically argue that they relied on him "because [he] was the building official." Here, just as in *Graves II*, Stephens was acting in his official capacity during all the complained-of actions, and his actions thus qualify as governmental functions under the UGIA. *See Graves II*, 2024 UT App 80, ¶ 16.

¶17 Second, nothing in the UGIA waives Stephens's immunity for any of the particular activities alleged by the Fujas. The UGIA makes clear that a "governmental entity and an employee of a governmental entity retain immunity from suit unless that immunity has been expressly waived in this chapter." Utah Code § 63G-7-101(3). There is no provision of the UGIA that expressly waives the immunity Stephens has as an employee of the City of Woodland Hills, a political subdivision of the state. The Fujas argue that the UGIA expressly waives Stephens's immunity in section 63G-7-202(3)(c). But that is the exact argument that was originally raised in *Graves I* and then clarified by this court in *Graves II*.

¶18 In *Graves I*, Graves, a county commissioner, brought tort claims against the county, the other commissioners, and a county employee. 2023 UT App 73U, ¶ 13, *amended and superseded on reh'g*, 2024 UT App 80, 551 P.3d 1029. Graves claimed that the employee "fabricated allegations of sexual harassment against" him and that the other commissioners published false statements about him regarding the alleged sexual harassment. *Id.* ¶¶ 7, 13. The district court granted a motion to dismiss Graves's claims, in part because the district court found that the county employee enjoyed governmental immunity. *Id.* ¶ 15. In *Graves I*, this court concluded that "immunity is waived for individual employees when they commit willful misconduct by making and maliciously repeating false claims," as Graves had alleged. *Id.* ¶ 24. The court thus

reversed the district court's initial dismissal of Graves's claims. *Id.* ¶ 40. But in *Graves II*, this court affirmed the district court's dismissal of Graves's claims "because they involved the exercise of a governmental function that enjoys immunity." 2024 UT App 80, ¶ 26. The court in *Graves II* explained that the other commissioners "were acting in their official capacities when they communicated publicly about" the alleged sexual harassment because they held their press conference "immediately after an official meeting" and posted their prepared statements "to their official social media accounts." *Id.* ¶ 16. As for the employee, the court concluded that her actions qualified as a governmental function because "at all times relevant to the allegations in the complaint, [she] was an employee of the county." *Id.* ¶ 18 (cleaned up).

¶19 In *Graves I*, the court concluded that section 63G-7-202(3)(c)(i) of the UGIA waived immunity for suits arising out of a government employee's "fraud or willful misconduct." *See* 2023 UT App 73U, ¶¶ 22–24. But that precedent changed when *Graves II* was issued. In *Graves II*, this court concluded that this provision, while embedded in a governmental immunity law, was establishing an exclusive remedy principle, and not varying the parameters of immunity itself. 2024 UT App 80, ¶ 21 n.5. The court pointed out that section 63G-7-202(3)(a) provides that "an action under the UGIA against a governmental entity for an injury caused by an act or omission that occurs during the performance of an employee's duties, within the scope of employment[,] is a plaintiff's exclusive remedy." *Id.* (cleaned up). The statute goes on to explain that "[a] plaintiff may not bring or pursue any civil action or proceeding based upon the same subject matter against the employee . . . whose act or omission gave rise to the claim." Utah Code § 63G-7-202(3)(c). But there are exceptions to that exclusive remedy provision, including when an "employee acted or failed to act through fraud or willful misconduct." *Id.* § 63G-7-202(3)(c)(i). Thus, in *Graves II* this court concluded that, when read in context, "this provision reflects an exception to a statutory exclusive remedy, not a blanket waiver of immunity for

governmental employees for any fraud or willful misconduct." 2024 UT App 80, ¶ 21 n.5.

¶20 Accordingly, *Graves II* clarified that the provision of the UGIA on which the Fujas rely to argue that Stephens's immunity has been waived actually does no such thing. We cannot identify any other provision of the UGIA that waives Stephens's immunity for the actions complained of here, and the Fujas have pointed to none. *See generally* Utah Code § 63G-7-301 (listing waivers of immunity under the UGIA). As a result, Stephens retains immunity from the Fujas' suit, and on this basis we affirm the dismissal of the Fujas' claims against Stephens.

## II. The Fujas' Constitutional Challenges[4]

¶21 Anticipating that, given the holding in *Graves II*, we might conclude that the UGIA does not waive immunity for Stephens, the Fujas claim that the UGIA violates the Utah Constitution in a number of ways. The Fujas allege that the interpretation of the UGIA adopted by *Graves II* violates five provisions of the Utah Constitution: the right to possess and protect property, Utah Const. art. I, § 1; the right to petition for redress, *id.*; the right to open courts and redress of injuries, *id.* art. I, § 11; the right to due process, *id.* art. I, § 7; and the right to the uniform operation of laws, *id.* art. I, § 24.[5]

---

4. Because the appeal raises a constitutional challenge to the UGIA, notice was provided to the Office of the Attorney General, *see* Utah R. App. P. 25A(a), and the Attorney General gave notice that it did not intend to file a brief.

5. Stephens alleges that the Fujas' constitutional challenges were not preserved. However, because we can easily resolve the constitutional challenges in favor of Stephens, we do so here without addressing the issue of preservation. *See State v. Kitches*, 2021 UT App 24, ¶ 28, 484 P.3d 415. The principle established in

(continued…)

¶22 "When presented with a constitutional challenge to a law, we presume the law is valid. A party mounting such a challenge bears a heavy burden to overcome this presumption, and we resolve any reasonable doubts in favor of constitutionality." *Jeffs v. Stubbs*, 970 P.2d 1234, 1248 (Utah 1998) (cleaned up). Because of the particularly high burden imposed on litigants challenging the constitutionality of a statute, the court would expect rigorous briefing on such issues. In this case, the Fujas' constitutional claims are inadequately briefed, and as a result, the Fujas fall far short of meeting their heavy burden to overcome the presumption that the UGIA is valid under the Utah Constitution.

¶23 Rule 24(a)(8) of the Utah Rules of Appellate Procedure requires an appellant's brief to contain an argument explaining, "with reasoned analysis supported by citations to legal authority and the record, why the party should prevail on appeal." When a party challenges the constitutionality of a statute, the "mere mention of a constitutional right, phrase, or principle does not raise a constitutional claim." *Ramos v. Cobblestone Centre*, 2020 UT 55, ¶ 48, 472 P.3d 910 (cleaned up). "In addition to identifying the provision allegedly infringed, a party must develop an argument as to how that provision has been violated . . . ." *Id.* (cleaned up). The Fujas have failed to do so here.

¶24 The Fujas' argument on all five of the constitutional provisions they identify is contained in less than four pages, addressing substantial constitutional issues with anywhere from one to three paragraphs each. Their arguments contain vague and sweeping statements about the Utah Constitution and the rights it protects. But they have failed to present a well-reasoned argument supported by citations on any of the five provisions

---

*Kitches* applies equally where we can more easily resolve an issue in favor of an appellee on non-merits-based grounds, such as inadequate briefing.

they allege have been violated.[6] None of their constitutional challenges are properly presented as they have not identified and engaged in the relevant analyses to any substantive degree.

¶25 For example, the Fujas argue that the UGIA as interpreted in *Graves II* violates the Open Courts Clause of the Utah Constitution. *See* Utah Const. art. I, § 11. Our supreme court has "established a three-part test to determine whether a legislative act runs afoul of the Open Courts Clause." *Waite v. Utah Labor Comm'n*, 2017 UT 86, ¶ 19, 416 P.3d 635.

> Under this test, we look first to whether the legislature has abrogated a cause of action. If it has, we then determine whether the law provides an injured person an effective and reasonable alternative remedy. If there is no substitute or alternative remedy provided, abrogation of the remedy or cause of action may be justified only if there is a clear social or economic evil to be eliminated and the elimination of an existing legal remedy is not an arbitrary or unreasonable means for achieving the objective.

*Id.* (cleaned up). But the Fujas do not engage in this analysis in any way. Instead, they submit five sentences in which they briefly summarize the language of the Open Courts Clause, outline their

---

6. Further, what authority the Fujas do cite does not support their position. For example, the Fujas cite *Wood v. University of Utah Med. Center*, 2002 UT 134, 67 P.3d 436, for the proposition that the presumption of constitutionality does not apply when the Open Courts Clause is invoked. *Id.* ¶ 46 (Durham, C.J., writing for the majority on this issue). But *Wood* has been abrogated on this point. *See Judd v. Drezga*, 2004 UT 91, ¶ 11, 103 P.3d 135 (recognizing "an obligation of deference to legislative judgments in [an open courts] review" and disavowing "prior applications" in caselaw to the contrary); *see also Waite v. Utah Labor Comm'n*, 2017 UT 86, ¶¶ 21–22, 416 P.3d 635 (acknowledging the abrogation of *Wood*).

claims against Stephens, and make vague declarations about the policy implications of *Graves II* with no citation to any authority supporting their propositions.

¶26 The rest of the Fujas' arguments follow suit. They have not identified the relevant analysis for any of the constitutional claims they make. They have not presented a well-reasoned argument explaining the history of the constitutional provisions at issue or the parameters of the different constitutional provisions. Nor have they pointed us to any relevant legal authority that would support their claims. Because the Fujas' constitutional claims are inadequately briefed, they have failed to meet their burden on appeal to support their constitutional challenges to the UGIA.[7]

CONCLUSION

¶27 Stephens was a government employee engaged in a governmental function when the acts that the Fujas complain of occurred. He is entitled to immunity under the UGIA, and the UGIA does not waive that immunity. We thus affirm the district court's dismissal of the Fujas' claims on the alternative grounds of

---

7. We are sensitive to the fact that the Fujas have been proceeding pro se and thus do not have the benefit of professional legal assistance. They are therefore entitled to "every consideration that may reasonably be indulged." *Nelson v. Jacobsen*, 669 P.2d 1207, 1213 (Utah 1983) (cleaned up). However, "[a]s a general rule, a party who [proceeds pro se] will be held to the same standard of knowledge and practice as any qualified member of the bar." *Id.*; *see also Bell v. Bell*, 2013 UT App 248, ¶ 27, 312 P.3d 951 ("Even though appellate courts are generally lenient with pro se litigants, those litigants must still follow the appellate rules."). Particularly where the Fujas raise complex issues of law requiring deeper analysis than what they have provided on appeal, we cannot give them so much leeway that we effectively "write [their] appeal for [them] or decide [their] case without sufficient briefing." *See Jones v. State*, 2020 UT App 125, ¶ 30, 473 P.3d 1190 (cleaned up).

governmental immunity. Because their claims are inadequately briefed, the Fujas fail to meet their burden on appeal as to their constitutional challenges to the UGIA.

———————